IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Case No. 09-cr-00266-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DAVID A. BANKS,
2. DEMETRIUS K. HARPER
   a/k/a Ken Harper,
3. GARY L. WALKER,
4. CLINTON A. STEWART
   a/k/a C. Alfred Stewart,
5. DAVID A. ZIRPOLO, and
6. KENDRICK BARNES,

    Defendants.

## ORDER DENYING MOTION FOR A STATUS CONFERENCE

This matter is before the Court on motion by Richard J. Banta, Court appointed stand-by counsel for Clinton A. Stewart, on behalf of himself and all other court appointed stand-by counsel in this case.[1] (Doc. # 676.) In this motion, stand-by counsel request a status conference to seek further guidance from the Court concerning the nature and scope of their responsibilities for their respective "stand-by" clients. (*Id.*,

---

[1] Stand-by counsel have also been appointed for Defendants Demetrius K. Harper, Kendrick Barnes, David A. Zirpolo, and Gary L. Walker. (Doc. ## 655, 656, 657, 658, 659.)

¶ 7.)  The Court provides further clarification in this Order, obviating any need for the requested status conference.

After conducting a hearing pursuant to Fed. R. Crim. P. 44(c) to determine whether Defendants Harper, Walker, Stewart, Zirpolo, and Barnes knowingly, voluntarily, and intelligently waived their Sixth Amendment rights to conflict-free representation, on January 1, 2012, the Court issued an Order in which it permitted Ms. Gwendolyn Solomon to jointly represent Defendants Harper, Walker, Stewart, Zirpolo, and Barnes (collectively, "Defendants") for all post-trial and sentencing proceedings.  (Doc. # 653.)   The Court is aware that it is unusual to appoint stand-by counsel to a defendant who is represented.[2]  However, given the Defendants' past *pro se* history and the potential conflicts that could arise as a result of such joint representation by Ms. Solomon, the Court determined that, due to the unique circumstances of this case, appointment of stand-by counsel was appropriate.  As such, the Court ordered the appointment of separate CJA stand-by counsel for each Defendant.  As stated in that Order, this Court cannot force Defendants to utilize the service of their respective stand-by counsel; however, such independent counsel has been made available to each Defendant, at his election.  (Doc. # 653 at 4.)  Thus, each stand-by counsel is expected to be ready to assist his respective "stand-by" client with post-trial matters and sentencing matters only to the extent that such Defendant requests such

---

[2]  "Stand-by counsel" is an "attorney who is appointed to be prepared to represent a pro se criminal defendant if the defendant's self-representation ends."  *See* Black's Law Dictionary 401 (9th ed. 2009).

assistance. Each stand-by counsel is expected to attend the sentencing hearing of his respective client and be ready to provide assistance at the hearing, but only to the extent that such Defendant requests such assistance.

Accordingly, it is ORDERED that the Motion for a Status Conference (Doc. # 676) is DENIED.

DATED: April __04__, 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge