**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Criminal Case No. 09-cr-00266-CMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. DAVID A. BANKS,
2. DEMETRIUS K. HARPER a/k/a Ken Harper,
3. GARY L. WALKER,
4. CLINTON A. STEWART a/k/a C. Alfred Stewart,
5. DAVID A. ZIRPOLO, and
6. KENDRICK BARNES,

Defendants.

---

**ORDER DENYING MOTIONS TO DISMISS INDICTMENT FOR SPEEDY TRIAL ACT VIOLATION AND SIXTH AMENDMENT VIOLATION**

---

This matter is before the Court on Defendant David Banks' Motion to Dismiss Based on Speedy Trial Violations With Prejudice or in the Alternative a Hearing on the Motion (Doc. # 677), and on Defendants Demetrius K. Harper, Gary L. Walker, Clinton A. Stewart, David A. Zirpolo, and Kendrick Barnes (collectively, "the Harper Defendants") Joint Motion to Dismiss Indictment and Conviction for Speedy Trial Act Violation and the Sixth Amendment.[1] (Doc. # 687). Because both motions are

[1] The Harper Defendants have also indicated their desire to "join" Defendant Banks' Motion to Dismiss. (Doc. # 696.) Under the Local Rules, "[n]o party may file a motion to join a motion filed by another party." D.C.COLO.LCrR 12.1.A. However, because the Court has considered the merits of Defendant Banks motion, it serves no purpose to deny the Harper Defendants' motion on this basis. Instead, the Court will give the Harper Defendants the benefit of the doubt and construe their motion as "incorporating" Defendant Banks' motion. *See* D.C.COLO.LCrR 12.1.B (providing that a "party may indicate that the party approves, adopts, or may incorporate by reference any or all of the reasons stated, arguments advanced, and/or authorities cited by a party in another motion.").

predicated on the same facts and all Defendants request identical relief, the Court's analyses and rulings apply equally to both motions.

## I. BACKGROUND

Defendant Banks and the Harper Defendants (collectively, "Defendants") were indicted on multiple counts of mail and wire fraud and a single count of conspiracy on June 9, 2009. (Doc. # 1.) All Defendants made their initial appearance before a judicial officer on June 23, 2009. (Doc. # 15.) On July 6, 2009, Defendant Banks filed an unopposed motion for an "ends of justice" continuance, which the Court granted on July 9, 2009. (Doc. ## 49, 63.) The Court ultimately granted five ends of justice continuances, which continuously tolled the Speedy Trial Act clock from July 6, 2009 to September 30, 2011. (Doc. ## 63, 77, 123, 327, 403.) Trial commenced on September 26, 2011. On the morning of trial Defendants, proceeding *pro se*, filed a "Motion to Dismiss Indictment for Speedy Trial Act Violation." (Doc. # 445.) The Court orally denied the motion prior to jury selection, and issued a written order explaining its reasons for denying the motion on October 6, 2011. (Doc. # 463.) After a multi-week trial, Defendants were convicted of the conspiracy charge, as well as the vast majority of fraud charges.[2] (Doc. # 478.)

In the instant motions, Defendants assert that the Court failed to provide sufficient reasons for granting the various ends of justice continuances. As a result, Defendants claim that the Speedy Trial Act, which requires trial to begin within 70 days

---

[2] Of the 25-Count Indictment, Defendant Banks was found not guilty on Count 2. The jury returned a guilty verdict on all other counts.

of a defendant's first appearance before a judicial officer (absent tolling), was violated.[3] *See* 18 U.S.C. § 3161(c)(1). Defendants also assert that their Sixth Amendment constitutional right to a speedy trial was violated and that the Indictment should be dismissed with prejudice.[4]

The Government responded on April 24, 2012. (Doc. # 710.) The Harper Defendants replied on May 8, 2012, and Defendant Banks replied on May 15, 2012. (Doc. ## 725, 729.)

## II. ANALYSIS

### A. WHETHER THE SPEEDY TRIAL ACT WAS VIOLATED

The Speedy Trial Act requires that a federal criminal trial commence within 70 days of the filing date of the indictment or a defendant's first appearance, whichever occurs later. 18 U.S.C. § 3161(c)(1). As noted, Defendants were indicted on June 9, 2009 and their initial appearance occurred on June 23, 2009. (Doc. ## 1, 15.) Thus, the Speedy Trial Act clock began to run on June 23, 2009. However, among other

---

[3] Additionally, the Harper Defendants appear to argue that the ends of justice continuances granted by the Court only excluded time as to those defendants who had specifically sought the continuance. Defendants note that Defendants Walker, Harper, Barnes, and Stewart did not join the July 6, 2009 motion to continue (Doc. # 49, 52), and that Defendant Stewart did not join the November 18, 2010 motion to continue. (Doc. # 324.) However, as the Government points out, the Speedy Trial Act provides for the exclusion of time for a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). For the reasons provided in the Government's Response (Doc. # 710 at 6-7), the Court finds that all periods of delay were reasonable, and so the exclusions applied to all Defendants, regardless of whether a particular defendant specifically sought the continuance.

[4] A district court has discretion to dismiss an indictment with or without prejudice upon a Speedy Trial Act violation. *See United States v. Toombs*, 574 F.3d 1262, 1274 (10th Cir. 2009). However, a district court must dismiss an indictment with prejudice if the district court finds that there has been a constitutional speedy trial violation. *See id*.

exclusions,[5] the Act excludes from this 70-day period "[a]ny period of delay resulting from a continuance . . . if the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id*. § 3161(h)(7)(A).

To determine whether to grant an ends of justice continuance, the district court must consider the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would belikely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant of the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

The Tenth Circuit has strictly interpreted the requirements of § 3161(h)(7)(A) and (B). *See United States v. Toombs*, 574 F.3d 1262, 1269-1273 (10th Cir. 2009); *United*

[5] The pendency of pretrial motions also affects the calculation of speedy trial. *See* 18 U.S.C. § 3161(h)(1)(F) and (J). Although both the Government and Defendants acknowledge that pretrial motions may toll the Speedy Trial Act clock, neither party adequately briefed the issue to the Court. *See United States v. Williams*, 511 F.3d 1044, 1050-51 (10th Cir. 2007) (analyzing the effect of pretrial motions on the Speedy Trial Act clock).

*States v. Hernandez-Mejia*, 406 F. App'x 330, 336 (10th Cir. 2011) (unpublished). A district court must make explicit oral or written rulings explaining its reasons for granting the continuance, unless the facts supporting the continuance "are obvious and set forth in the motion for the continuance itself." *United States v. Occhipinti*, 998 F.2d 791, 797 (10th Cir. 1993) (internal quotation marks omitted). The record must also "clearly establish [that] the district court considered the proper factors at the time such a continuance was granted," and it must be clear that the "trial court struck the proper balance when it granted the continuance." *Hernandez-Mejia*, 406 F. App'x at 336 (internal quotation marks and citations omitted). Further, adequate trial preparation time, although a permissible reason to grant a continuance, "must be supported by the information and evidence presented to the district court." *Id*.

Defendants submit that the ends of justice continuances granted by the Court did not meet the requirements of § 3161(h)(7)(A) and (B), as construed by the Tenth Circuit.[6] To support this argument, Defendants have distorted the Court's on-the-record rulings. To give one particularly blatant example, Defendant Banks criticizes the Court's ruling at the December 18, 2009 status conference at which the Court granted

[6] The Court observes that the Harper Defendants have conflated their argument that the Speedy Trial Act was violated with their argument that their Sixth Amendment right to a speedy trial was infringed. The motion is structured so that arguments relating to the Speedy Trial Act claim are subsumed within argument that there was a Sixth Amendment constitutional violation. However, the existence of a statutory violation does not necessarily mean that there has been a constitutional violation. *See, e.g.*, *Toombs*, 574 F.3d at 1276 (finding that there was a Speedy Trial Act violation but no constitutional violation). Defendants previously moved to dismiss the Indictment on speedy trial grounds when they were proceeding *pro se*. (Doc. # 445.) In that motion, Defendants also conflated their statutory and constitutional claims. (See Doc. # 463 at 2 n.2) (noting that Defendants cited to the Speedy Trial Act but had asserted only a constitutional violation). Alas, it appears that the retention of counsel has not enabled Defendants to comprehend the analytical distinction between a Speedy Trial Act claim and a Sixth Amendment speedy trial claim.

Defendants' joint motion for an ends of justice continuance. (Doc. # 119, 123.) The Court quotes verbatim from Defendant Banks' motion:

At the status conference held on December 18, 2009, the Court made the following observations:

> that it was "very hesitant to enter an order for a continuance that would extend the case almost a year, especially given the other extensions I have already granted on this." Doc. 240, p 4.
>
> . . . .
>
> The Court: All right. Well, you all are much more experienced at this than I am, so I will take you at your words that this is the time that was needed. . . . Doc. 240, p. 13

(Doc. # 677 at 12-13.) Counsel for Defendant Banks then asserts that he "can find no cases where this forms the basis for an adequate record." (*Id*. at 13.) The Court agrees this would be an insufficient record, **if it were the entire record**. But it is not. Defendant Banks' "cherry-picking" of the record is nothing less than egregious.

In striving to characterize the Court as merely rubber-stamping Defendants' requests for continuances, Defendant Banks conveniently fails to mention that these two quotations occurred during a 41 minute hearing devoted to the issue of whether a continuance was justified. (Doc. # 240.) At the hearing, the Court inquired into what progress had been done in the case, why such an extension was necessary, and whether counsel for Defendants were preparing their defenses in an efficient manner. (*Id.*) Defendant Harper's attorney, speaking on behalf of all Defendants, stated that it was a case with a "voluminous amount of material," including 20,000 pages of actual documentation and 1.7 terabytes of material seized from Defendants' computers. (*Id*. at 5.) The Government confirmed that a year-long continuance was "not inconsistent with the

amounts of time [the prosecutor had] seen defense attorneys request and receive and use in order to work on preparing motions in a case like this." (*Id*. at 11.) Based on the arguments made by Defendants through their counsel, which were supported by the Government's belief that such a lengthy continuation was reasonable and necessary, the Court granted a continuance, despite its initial hesitancy. (*Id*. at 22-24.) Thus, the Court did not blindly acquiesce to Defendants' request for a continuance as Defendant Banks implies; rather, the Court conducted a lengthy hearing as to whether a continuance was necessary and supported its finding with a detailed, on-the-record explanation.

Notwithstanding Defendants' disingenuous arguments, the Court has carefully reviewed the record related to the five ends of justice continuances it granted. The first motion for an ends of justice continuance was an unopposed motion filed by Defendant Banks on July 6, 2009. (Doc. # 49.) Upon review of the detailed motion, the Court found that "[d]ue to the voluminous discovery, multiple defendants, and complex nature of the allegations in this matter, denying the requested continuance would result in a miscarriage of justice by denying Defendants an adequate opportunity to prepare for trial, despite the exercise of due diligence." (*Id*. at 1-2.) Thus, the Court granted the request for an ends of justice continuance, and excluded 90 days from the speedy trial computation. (Doc. # 63.)

The second motion for an ends of justice continuance was an unopposed motion filed by Defendant Stewart on August 18, 2009. (Doc. # 75.) The Court held a hearing on August 20, 2009 and explained, in great detail, its reasons for granting an ends of justice continuance until January 29, 2010. (Doc. # 77.)

The third motion for an ends of justice continuance was a joint motion filed by all parties on December 14, 2009, requesting an extension of 361 days. (Doc. # 119.) The Court held a hearing on December 18, 2009. Although the Court found the underlying motion did not provide reason to grant another continuance, the Court ultimately granted the motion after defense counsel and the Government elaborated on their reasons for requesting this continuance. At the hearing, the Court provided a detailed explanation for granting a continuance until January 31, 2011. (Doc. # 240.)

The fourth motion for an ends of justice continuance was a joint motion filed on November 18, 2010 by all Defendants except for Defendant Stewart, although Defendant Stewart did not oppose the motion. (Doc. # 324.) The motion contained sufficient detail to show that a continuance was necessary. Upon review of this motion, the Court issued a written order granting the motion and excluding 120 days from the speedy trial computation. The Court also reset trial from January 31, 2011 to May 23, 2011. (Doc. # 327.)

On December 13, 2010, Defendants sent a letter to the Court indicating that they had decided to terminate their representation and exercise their Sixth Amendment right to self-representation. (Doc. # 339.) On March 16, 2011, after having terminated their attorneys, Defendants filed a joint motion to continue the May 23, 2011 trial for another 120 days. (Doc. # 394.) In that motion, Defendants stated that they had "previously waived their right to a speedy trial and renew that waiver pursuant to this new request for continuance."[7] (Doc. # 394.) The Court held a hearing on April 4, 2011 that lasted

[7] Defendants' motion undermines their argument that individual defendants had not consented to previous grants of continuances.

for over an hour. (Doc. # 403.) Although the Court noted that Defendants' motion did not contain a sufficient basis to continue the trial, the Court ultimately granted its final ends of justice continuance after Defendants provided sufficient reason for the continuance at the hearing. Thus, the Court excluded 120 days from the speedy trial computation and reset the trial to September 26, 2011.

Upon review of the record, the Court finds that it complied with the Tenth Circuit's requirement to provide explicit oral or written rulings explaining its reasons for granting each ends of justice continuance. As is evident from review of the Court's written and oral rulings, the Court properly considered the § 3161(h)(7)(B) factors and struck the proper balance when granting each continuance. Due to the complex nature of this case, the voluminous discovery, the multiple defendants, and Defendants' pre-trial termination of their attorneys, such continuances were necessary to ensure that Defendants could adequately prepare their defense. Accordingly, the Court finds that there was no Speedy Trial Act violation and the Indictment should not be dismissed on this basis.

**B. THE SIXTH AMENDMENT RIGHT TO A SPEEDY TRIAL**

The Sixth Amendment guarantees the criminally accused the "right to a speedy and public trial." U.S. Const. amend. VI. In *Barker v. Wingo*, the Supreme Court established a balancing test that weighs "the conduct of both the prosecution and the defendant" to determine whether a defendant has been deprived of his constitutional right to a speedy trial. 407 U.S. 514, 530 (1972). *Barker* identified four factors in conducting that balancing test: the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id*.

In the Court's October 6, 2011 Order, the Court considered Defendants' constitutional speedy trial claim pursuant to the *Barker* factors. Based on its consideration of those factors, the Court found "no violation of Defendants' Sixth Amendment right to a speedy trial." (Doc. # 463.) Paying no heed to this adverse ruling, Defendants again request that the Indictment be dismissed on Sixth Amendment grounds. Because the Court has already denied this same argument, the Court will construe the instant motions as motions for reconsideration.

Although the Federal Rules of Criminal Procedure do not recognize a motion to reconsider, other district courts in the Tenth Circuit have relied on the standard for evaluating a motion to reconsider in the civil context. *See United States v. Matlack*, No. 09-cr-00531, at *1 (D. Colo. July 1, 2010) (unpublished). The three major grounds that justify reconsideration are (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243). However, a "motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *United States v. D'Armond*, 80 F. Supp. 2d 1157, 1170 (D. Kan. 1999).

In this case, Defendants have failed to demonstrate any change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. Thus, Defendants have presented no reason for the Court to

reconsider its October 6, 2011 Order denying Defendants' motion to dismiss the Indictment on constitutional speedy trial grounds.

## III. CONCLUSION

Accordingly, it is ORDERED that Defendant Banks' Motion to Dismiss Based on Speedy Trial Violations with Prejudice or in the Alternative a Hearing on the Motion (Doc. # 677) is DENIED.

It is FURTHER ORDERED that the Harper Defendants' Joint Motion to Dismiss Indictment and Conviction for Speedy Trial Act Violation and the Sixth Amendment (Doc. # 687) is DENIED.

It is FURTHER ORDERED that the Harper Defendants' Motion to Dismiss (Doc. # 696) is DENIED.

DATED: June __28__, 2012

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge